IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESUS L. PINKSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 15-269-GMS |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I.  BACKGROUND**

Petitioner Jesus L. Pinkston's ("Pinkston") filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2011 convictions for manslaughter, leaving the scene of a collision resulting in death, and first degree reckless endangering. The State filed an answer contending that the court should deny the petition as time-barred. (D.I. 9) Thereafter, Pinkston filed a motion to withdraw/dismiss his petition without prejudice. (D.I. 12 at 1) The State filed a response in opposition to Pinkston's motion to withdraw/dismiss without prejudice, contending that it expended valuable resources responding to his habeas petition and that any future petition would be time-barred. (D.I. 13 at 3) Pinkston filed a reply, asserting that the State will not be prejudiced if the court grants his motion to voluntarily withdraw/dismiss his petition without prejudice because the end result will effectively be the same. (D.I. 14)

**II.  LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 41(a), if an answer or motion for summary

judgment has been served, the plaintiff no longer has the right to automatically dismiss his case. Rather, a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) lies within the sound discretion of the court. *See Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974).

When reviewing a Rule 41(a)(2) motion to dismiss, or deciding whether a dismissal under Rule 41(a)(2) should be with prejudice, the court must consider the prejudice to the defendant, which includes both legal prejudice and litigation expenses. *See Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 103 (W.D. Pa. 1992). Relevant factors to be considered include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation thereof; and (5) the pendency of a dispositive motion by the non-moving party. *Id.*

### III. DISCUSSION

The court construes the pending motion for withdrawal/dismissal as though filed pursuant to Federal Rule of Civil Procedure 41(a)(2), because the State had already answered Pinkston's petition at the time of filing. *See* Fed. R. Civ. P. 41(a)(1)(A)(i)("plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); Fed. R. Civ. P. 41(a)(2)("Except as provided by Rule 41(a)(1), an action may be dismissed at the plaintiff's request, on terms that the court considers proper."). Although the Third Circuit has not explicitly addressed the application of Fed. R. Civ. P. 41(a)(2) to federal habeas proceedings, applying Rule 41(a)(2) to the instant case is consistent with decisions from other circuit courts, as well as with Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. *See*

*Barron v. Snyder*, 2001 WL 65735, at *1 (D. Del. Jan. 10, 2001)(collecting cases).

After reviewing Pinkston's motion pursuant to the principles articulated above, and given the advanced state of this proceeding, the court finds that Pinkston has not presented a strong enough case for voluntary withdrawal/dismissal without prejudice. Pinkston's only stated reason for withdrawing his petition is that he wishes to pursue a modification of sentence in the state courts, yet he emphasizes his decision to withdraw the instant petition "does not indicate that I am in agreement with the manner by which I was convicted or sentenced." (D.I. 12 at 1) In contrast, the State has invested both time and resources in preparing and filing the answer and the state court record. Granting Pinkston's motion to withdraw/dismiss without prejudice will only delay the inevitable, because even if the court were to dismiss the petition without prejudice and Pinkston were to file another one, the new petition would be considered untimely. *See* 28 U.S.C. § 2244(d). In turn, denying the instant motion will not preclude him from pursuing further relief in the Delaware state courts. Since the issues presented in the instant petition must be decided with finality,[1] the court will deny the instant motion.

## IV. CONCLUSION

For the above reasons, the court will deny Pinkston's motion to withdraw/dismiss his habeas petition without prejudice. A separate order shall issue.

Dated: August 23, 2016

UNITED STATES DISTRICT JUDGE

---

[1] *See Williams v. Taylor*, 529 U.S. 420, 436 (2000)(AEDPA's "purpose [is] to further the principles of comity, *finality*, and federalism." (emphasis added).

3