IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAMILLA DENISE LONDON, )<br>Aka Jesus L. Pinkston, )<br>)<br>Petitioner, )<br>v. )<br>)<br>DANA METZGER, Warden, and )<br>ATTORNEY GENERAL OF THE )<br>STATE OF DELAWARE, )<br>)<br>Respondents.[1] ) | Civil Action No. 15-269-GMS |

---

Kamilla Denise London. Petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

_Feb 5_____, 2018
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

Sleet, District Judge

Pending before the court is petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Kamilla Denise London ("London"). (D.I. 3) The State filed an answer in opposition. (D.I. 9) For the following reasons, the court will deny the petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In May 2011, London pled guilty to manslaughter (as a lesser-included offense of second degree murder), leaving the scene of a collision resulting in death, and first degree reckless endangering. (D.I. 9 at 2) On July 29, 2011, the Superior Court sentenced London to a total of thirty-two years at Level V imprisonment, suspended after twenty-five years, for decreasing levels of supervision. (D.I. 11 at 142-143) London did not file a direct appeal.

On October 26, 2011, London filed a motion for modification of sentence, which the Superior Court denied on December 9, 2011. (D.I. 11 at 5) London did not appeal that decision.

On June 6, 2012, London filed a *pro se* motion for correction of an illegal sentence, which the Superior Court granted on June 20, 2012. (D.I. 9 at 2; D.I. 11 at 5) As a result, the Superior Court modified the effective date of London's sentence from July 29, 2011 to the correct date of May 3, 2010. (D.I. 9 at 2)

On July 11, 2012, London field a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion), which the Superior Court denied on November 13, 2013. (D.I. 11 at 5, 9); *see State v. Pinkston,* 2013 WL 3819637, at *12 (Del. Super. Ct. July 22, 2013). The Delaware Supreme Court affirmed that decision on August 28, 2014. *See Pinkston,* 2013 WL 3819637, at *3.

In March 2015, London filed in this court a habeas petition asserting the following four grounds for relief: (1) the Superior Court performed a deficient plea colloquy; (2) the Superior Court's harsh sentence was based on impermissible factors; (3) defense counsel provided ineffective assistance by failing to file a direct appeal; and (4) defense counsel provided ineffective assistance by failing to share the results of London's psychological evaluation when deciding whether to plead guilty or not. (D.I. 3) The State filed an answer asserting that the petition should be denied as time-barred or, alternatively, because the claims are procedurally barred. (D.I. 9)

## II.  ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

London's petition, filed in 2015, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. London does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when London's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced London on July 29, 2011, and there was no appeal. Therefore, London's conviction became final on August 29, 2011. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, London had to file the § 2254 petition by August 29, 2012. *See Nunez v. California*, 2014 WL 809206, at *3 n. 9 (N.D. Ohio Feb. 25, 2014)(explaining "[e]very federal circuit that has addressed the issue has concluded that [the] method in [in Fed. R. Civ. P. 6], *i.e.*, the 'anniversary' method,[2] for calculating a time period applies to [] AEDPA's one-year limitation period."); *Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

---

[2]"Under the 'anniversary' method, the first day of the one-year limitations period is the day after the triggering event, thus giving petitioners 'until the close of business on the anniversary date of . . .' the triggering event to file a federal habeas petition." *Nunez*, 2014 WL 809206, at *3 n. 9.

3

London did not file the instant § 2254 petition until March 22, 2015,[3] approximately two year and six months after the expiration of AEDPA's statute of limitations. Therefore, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). The court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, fifty-seven days of AEDPA's limitations period had already expired when London filed a motion for modification of sentence on October 26, 2011. The Superior Court denied the motion on December 9, 2011, and London did not appeal that decision. Therefore, London's motion for modification of sentence tolled the limitations period from October 26, 2011 through January 9, 2012, which includes the thirty day appeal period.

---

[3]Pursuant to the prisoner mailbox rule, the court adopts as the filing date March 22, 2015, which is the date London signed the certification of mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

The limitations clock started to run again on January 10, 2012, and ran 148 days until London filed a motion for correction of sentence on June 6, 2012. That motion tolled the limitations period through June 20, 2012, the date on which the Superior Court granted the motion. The limitations clock started to run again on June 21, 2012 and ran twenty days until London filed a Rule 61 motion on July 11, 2012. The Rule 61 motion tolled the limitations period through April 22, 2014, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion.

At this juncture, 225 days of AEDPA's limitations had expired. The limitations clock started to run again on April 23, 2014 and ran the remaining 140 days without interruption until AEDPA's limitations period expired on September 10, 2014. Thus, even with the applicable statutory tolling, the petition is time-barred, unless equitable tolling is available.

### B. Equitable Tolling

In very rare circumstances, the one-year limitations period may be tolled for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir.2005). In turn, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

5

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. *Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

London does not assert, and the record does not indicate, that any extraordinary circumstances prevented him from timely filing the petition. The court also cannot conclude that London exercised the requisite "due diligence" to warrant equitably tolling the limitations period. To the extent London's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the court will dismiss the petition as time-barred.[4]

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

---

[4]Given the court's conclusion that the petition is time-barred, it will not address the State's alternate reasons for denying the petition.

6

The court has concluded that London's petition filed pursuant to 28 U.S.C. § 2254 should be denied as time-barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny as time-barred London's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. An evidentiary hearing is not warranted, and an appropriate order will be entered.